UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Crown Bank, | Court File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Laura Caswell (f/k/a Laura Petri) and Quality Express Companies, Inc., | |
| Defendants. | |

Plaintiff Crown Bank (the "**Lender**"), as and for its Complaint against Defendants Laura Caswell (f/k/a Laura Petri) ("**Caswell**"), and Quality Express Companies, Inc. ("**QEC**") states and alleges as follows:

## PARTIES

1.     The Lender is a Minnesota bank headquartered in Edina, Minnesota.

2.     Caswell is a Texas resident with a last known address of 49 Montaigne, San Antonio, Texas 78258.

3.     QEC is a Wisconsin corporation with a registered principal office of  W199 S6859 Adrian Dr, Muskego, Wisconsin 53150.

4.     Caswell and QEC may be collectively referred to as the "**Defendants**."

5.     This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6.     Venue is proper before this court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts giving rise to the legal claims took place in this judicial district, and

the Defendants consented to personal jurisdiction in this judicial district through execution of the 0133 Note, the 0603 Note, and the 0801 Note (as defined below).

## FACTUAL BACKGROUND

**The XXX0133 Loan**

7.      To evidence a loan from the Lender to Caswell, Caswell executed and delivered to the Lender that certain Promissory Note dated July 30, 2013, in the original principal amount of $195,000.00 (the "**0133 Note**"). A true and correct copy of the 0133 Note is attached hereto as **Exhibit A**.

**The XXX0603 Loan**

8.      To evidence a loan from the Lender Caswell, Caswell executed and delivered to the Lender that certain Promissory Note dated July 9, 2014, in the original principal amount of $195,000, as amended by: (a) that certain Promissory Note dated May 29, 2015, in the original principal amount of $220,000; (b) that certain Promissory note dated June 3, 2015, in the original principal amount of $230,000; (c) that certain Modification/Amendment dated December 30, 2015; (d) that certain Modification/Amendment dated April 29, 2016; (e) that certain Modification/Amendment dated July 28, 2016; (f) that certain Promissory Note dated September 6, 2016, in the original principal amount of $228,415.56; (g) that certain Modification/Amendment dated September 26, 2017; and (h) that certain Modification/Amendment dated March 2, 2018 (the "**0603 Note**"). A true and correct copy of the 0603 Note is attached hereto as **Exhibit B.**

**The XXX0801 Loan**

9.      To evidence a loan from the Lender to QEC, QEC executed and delivered to the Lender that certain Promissory Note dated September 4, 2014, in the original principal amount of $143,000, as amended by: (a) that certain Modification/Amendment dated September 26, 2017;

and (b) that certain Modification/Amendment dated March 2, 2018 (the "**0801 Note**"). A true and correct copy of the 0801 Note is attached hereto as **Exhibit C**.

10.     To guaranty QEC's obligation to the Lender under the 0801 Note, Caswell executed and delivered to the Lender that certain Commercial Guaranty dated September 4, 2014 (the "**Caswell Guaranty**"). A true and correct copy of the Caswell Guaranty is attached hereto as **Exhibit D**.

**Loan Defaults**

11.     Caswell defaulted under the 0133 Note by, among other things, failing to make monthly interest payments as they came due for the months of April or June 2018.

12.     Pursuant to the terms of the 0133 Note, and as a result of the defaults thereunder, all amounts due under the 0133 Note have been accelerated.

13.     Caswell defaulted under the 0603 Note by, among other things, failing to pay the 0603 Note in full on or before the maturity date of March 31, 2018.

14.     QEC defaulted under the 0801 Note by, among other things, failing to pay the 0801 Note in full on or before the maturity date of March 31, 2018.

15.     Caswell defaulted under the Caswell Guaranty by, among other things, failing to pay amounts due under the 0801 Note after QEC's default.

16.     Caswell has indicated that she does not intend to pay the amounts due and owing under the 0133 Note, the 0603 Note or the Caswell Guaranty.

**Amounts Due**

17.     As of June 1, 2018, the following sums (plus costs and fees) are due and owing under the 0133 Note:

| | |
|---|---|
| Principal | $182,981.46 |
| Interest | $1,333.58 |
| **Total** | **$184,315.04** |

Interest will continue to accrue on 0133 Note from and after June 2, 2018, at the current rate of $25.07 per diem.

18.     As of June 1, 2018, the following sums (plus costs and fees) are due and owing under the 0603 Note:

| | |
|---|---|
| Principal | $224,805.56 |
| Interest | $1,940.26 |
| **Total** | **$226,745.82** |

Interest will continue to accrue on 0133 Note from and after June 2, 2018, at the current rate of $31.22 per diem.

19.     In addition to the sums listed above, Caswell is liable for all costs, expenses and attorneys' fees that have accrued and will continue to accrue in connection with the Lender's effort to collect and enforce the obligations under the 0133 Note and 0603 Note, both before and after the entry of judgment.

20.     As of June 1, 2018, the following sums (plus costs and fees) are due and owing under the 0801 Note:

| | |
|---|---|
| Principal | $135,759.91 |
| Interest | $1,159.96 |
| **Total** | **$136,919.87** |

Interest will continue to accrue on 0801 Note from and after June 2, 2018, at the current rate of $18.67 per diem.

21.     In addition to the sums listed above, Caswell and QEC are liable, jointly and severally, for all costs, expenses and attorneys' fees that have accrued and will continue to accrue in connection with the Lender's effort to collect and enforce the obligations under the 0801 Note, both before and after the entry of judgment.

## COUNT I
## BREACH OF CONTRACT OF 0133 NOTE
## (AGAINST CASWELL)

22.     The Lender restates, realleges and incorporates all of the preceding paragraphs.

23.     Caswell is in default under the 0133 Note. All amounts due and owing by Caswell under the 0133 Note have been accelerated and are immediately due and payable in full. Caswell has failed to pay amounts due under the 0133 Note. As a result, Caswell is in breach of contract and the Lender is entitled to judgment against Caswell for all amounts due and to become due under the 0133 Note.

## COUNT II
## BREACH OF CONTRACT OF 0603 NOTE
## (AGAINST CASWELL)

24.     The Lender restates, realleges and incorporates all of the preceding paragraphs.

25.     Caswell is in default under the 0603 Note. The 0603 Note has matured and all amounts due and owing by Caswell under the 0603 Note are immediately due and payable in full. Caswell has failed to pay amounts due under the 0603 Note. As a result, Caswell is in breach of contract and the Lender is entitled to judgment against Caswell for all amounts due and to become due under the 0603 Note.

## COUNT III
## BREACH OF CONTRACT ON 0801 NOTE
## (AGAINST QEC)

26.     The Lender restates, realleges and incorporates all of the preceding paragraphs.

27.     QEC is in default under the 0801 Note. The 0801 Note has matured and all amounts due and owing by QEC under the 0801 Note are immediately due and payable in full. QEC has failed to pay amounts due under the 0801 Note. As a result, QEC is in breach of contract and the

Lender is entitled to judgment against QEC for all amounts due and to become due under the 0801 Note.

**COUNT IV**
**BREACH OF CONTRACT ON CASWELL GUARANTY**
**(AGAINST CASWELL)**

28.     The Lender restates, realleges, and incorporates all of the preceding paragraphs.

29.     The Caswell Guaranty provides that upon an event of default under the 0801 Note, Caswell is obligated to pay the Lender the amounts due and owing from QEC to the Lender under the 0801 Note. By reason of defaults by QEC under the 0801 Note, the Lender is entitled to a judgment against Caswell for the amounts due and owing under the 0810 Note and the Caswell Guaranty.

**PRAYER FOR RELIEF**

WHEREFORE, the Lender seeks judgment against the Defendants as follows:

1.     As to Count I, adjudging and decreeing that Caswell owes the Lender an amount equal to the sums due and to become due under the 0133 Note, including all interest, attorneys' fees, costs, expenses, and other charges that have accrued and will continue to accrue in connection with the 0133 Note and the defaults thereunder (both before and after the entry of judgment), and awarding the Lender judgment against Caswell in such amount.

2.     As to Count II, adjudging and decreeing that Caswell owes the Lender an amount equal to the sums due and to become due under the 0603 Note, including all interest, attorneys' fees, costs, expenses, and other charges that have accrued and will continue to accrue in connection with the 0603 Note and the defaults thereunder (both before and after the entry of judgment), and awarding the Lender judgment against Caswell in such amount.

3.     As to Count III, adjudging and decreeing that QEC owes the Lender an amount equal to the sums due and to become due under the 0801 Note, including all interest, attorneys'

fees, costs, expenses, and other charges that have accrued and will continue to accrue in connection with the 0801 Note and the defaults thereunder (both before and after the entry of judgment), and awarding the Lender judgment against QEC in such amount.

4.      As to Count IV, adjudging and decreeing that Caswell is rightly and justly indebted to the Lender in an amount equal to the sums due and to become due under the terms of the 0801 Note and Caswell Guaranty, including all interest, attorneys' fees, costs, expenses, and other charges that have accrued and will continue to accrue in connection with the 0801 Note and the defaults thereunder (both before and after the entry of judgment), and awarding the Lender judgment against Caswell in such amount.

5.      For such other relief as the Court may deem just and equitable.


Dated: July 2, 2018                                    WINTHROP & WEINSTINE, P.A.

                                                       By: _s/Michael A. Rosow_
                                                             Jeffrey R. Ansel, #0166224
                                                             Michael A. Rosow, #0317998
                                                             Ian M. Rubenstrunk, #0397881

                                                       225 South Sixth Street, Suite 3500
                                                       Minneapolis, Minnesota 55402
                                                       612-604-6400
                                                       jansel@winthrop.com
                                                       mrosow@winthrop.com
                                                       irubenstrunk@winthrop.com

                                                       *Attorneys for Crown Bank*

15584814v6